Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1756 | **DATE** | June 1, 2011 |
| **CASE TITLE** | Tylon Hudson (#2009-1120252) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#5] is granted. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summonses for Defendants County of Cook, Tom Dart, Scott Kurtovich, and D. Howell. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for class certification [#3] is denied. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [**For further details see text below.**]                                   **Docketing to mail notices.**

# STATEMENT

    Plaintiff, Tylon Hudson, presently an inmate at the Cook County Jail, has filed this 42 U.S.C. §1983 suit against Cook County, Sheriff Tom Dart, Scott Kurtovich, D. Howell, and six John Doe Defendants. He alleges that he and other inmates being treated for psychiatric illnesses at the Cook County Jail were subjected to illegal strip searches on June 3, 2010. He further alleges that he, and the other inmates being treated for psychiatric conditions at Cook County Jail are being treated differently than other inmates, in violation of their right to equal protection with respect to the Jail's strip search policy.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.51. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fees from Plaintiff's trust fund account and pay them directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in each account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify each Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act for violation of Plaintiff's equal protection rights. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir, 2005) *citing McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir 1993). Plaintiff has further stated a cause of action against Defendants for subjecting him to illegal strip searches. *See Kim Young, et al. v. County of Cook, et al.*, Case No. 06 C 552 (N.D.Ill) (Kennelly, J.) While a more fully developed record may belie Plaintiff's claims, Defendants Cook County, Tom Dart, Scott Kurtovich, and D. Howell must respond to the allegations in the complaint.

However, Plaintiff indicates that he seeks to file this suit as a class action. Pro se prisoners are generally not allowed to represent a class. The Court finds that maintaining this suit as a class action is not appropriate under the circumstances of this case. One of the prerequisites for class action certification is a finding that the representative parties can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A factor the Court must consider in determining the adequacy of representation is the qualifications and experience of the person actually conducting the litigation. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *see also Jackson v. National Action Financial Services, Inc.*, 227 F.R.D. 284, 289 n. 6 (N.D. Ill. 2005) (Castillo, J.); *Mendez v. M.R.S. Associates*, No. 03 C 6753, 2004 WL 1745779, at *5 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.) Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class. *See, e.g., Pavone v. Aegis Lending Corp.,* No. 05 C 5129, 2006 WL 2536632, at *3 (N.D. Ill Aug. 31, 2006) (Aspen, J.).

Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See, e.g., Turner-EL v. Illinois Bd. of Educ.*, No. 93 C 4918, 1995 WL 506011, at *5 (N.D. Ill. Aug. 22, 1995) (Moran, J.)*; Lasley v. Godinez*, 833 F. Supp. 714, 715 n. 1 (N.D. Ill. 1993) (Aspen J.) (*pro se* prisoners could not adequately represent class of inmates); *Caputo v. Fauver*, 800 F. Supp. 168, 700 (D.N.J 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). Given Plaintiff's *pro se* status, the Court concludes that at present it appears that it would be improper for this case to proceed as a class action.

The Clerk shall issue summonses for service of the complaint on Defendants Cook County, Tom Dart, Scott Kurtovich, and D. Howell (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff names as Defendants John Does 1-6. (See Plaintiff's complaint). Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the officers in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d
**(CONTINUED)**

| STATEMENT |
|---|

928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Once Plaintiff has ascertained the identity of the John Does, to the extent that his claims are still timely, he can file an amended complaint, substituting in the named Defendants for the John Does.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claim is so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendant responds to the complaint.